UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| Thomas Cox, | ) | CASE NO. 1:21 CV 1250 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Commissioner of Social Security, | ) | <u>Memorandum of Opinion and Order</u> |
| | ) | |
| Defendant. | ) | |


**INTRODUCTION**

This matter is before the Court upon the Report and Recommendation of Magistrate

Judge Amanda M. Knapp (Doc. 12)("R&R"), recommending that the decision of the

Commissioner be affirmed.  Plaintiff filed objections to the R&R.  For the following reasons, the

Court ACCEPTS the R&R to the extent set forth herein.  The decision of the Commissioner is

AFFIRMED.

**FACTS**

The Magistrate Judge thoroughly set forth the medical evidence relevant to this case.

Only those facts necessary for a resolution of the objections are set forth herein.

1

Plaintiff suffers from a long history of stuttering, anxiety, and depression.  His stuttering affliction significantly exacerbates his anxiety, especially during social encounters.  In support of his claim for disability, plaintiff provided the Commissioner with opinions from various sources. At issue here are the opinions provided by the state agency psychologists.

With regard to defendant's social interactions, Robyn Murry-Hoffman, Ph.D. and Karla Delcourt, Ph.D. opined that plaintiff is moderately limited in his ability to interact with others. Specifically, plaintiff's "social interaction capacities and/or limitations" are as follows:

> The claimant is capable of contact [with] customers if no more than one or two at a time. He is capable of taking feedback from a supervisor.  He should work [with] occasional contact with his supervisor.  He can interact superficially [with] coworkers for work-related tasks.

(PageID 304, 329).

The Administrative Law Judge ("ALJ") found these opinions "somewhat persuasive as they are somewhat consistent with the weight of the objective medical evidence."  The ALJ agreed with the state agency psychologists that plaintiff has moderate limitations in his ability to interact with others:

> In interacting with others, I find the claimant has a moderate limitation.  Treatment records generally document good eye contact, a stutter at times, but speech clear other times, and that the claimant was generally cooperative.  There were some reports of difficulty getting along with family and peers.  The claimant also reported avoiding social interactions due to his stuttering.  However, he does have friends and good relationships with some family.  The claimant alleged at the hearing that he isolates himself and cannot be around crowds.  He also indicated that he will have to leave a place due to panic attacks, which he experiences 3-4 times a year.

(PageID 75)

With regard to the ability of plaintiff to interact with others, the ALJ determined that plaintiff has the residual functional capacity ("RFC") to "occasionally interact with supervisors

2

and coworkers, but never interact with the public."  In the context of the RFC analysis, the ALJ

found as follows:

> Dr. Murray-Hoffman concluded that the claimant is capable of 1-4 step tasks and can
> work in a set routine with established standards per production and timeliness.  He is also
> capable of contact with customers if no more than one or two at a time.  He is capable of
> taking feedback from a supervisor, but is limited to occasional contact with his
> supervisor.  He can interact superficially with coworkers for work-related tasks....
>
> The undersigned finds the opinions of the evaluating sources somewhat persuasive as
> they are somewhat consistent with the weight of the objective evidence of record.  The
> mental residual functional capacity is also provided in more vocationally relevant
> terminology.  For example, as a result of the moderate limitations in the claimant's ability
> to understand, remember, or apply information, the claimant is limited to performing
> simple, routine, and repetitive tasks.  Due to moderate limitations in his ability to interact
> with others, the claimant is limited to occasional interaction with supervisors and
> coworkers, but no interaction with the public.

(PageID 78).

A vocational expert ("VE") testified that an individual with plaintiff's RFC could not

perform plaintiff's past relevant work as a cashier/checker.  The VE did testify, however, that

significant jobs exist in the national economy that plaintiff can perform.  As such, the ALJ

determined that plaintiff is not disabled.

### **ANALYSIS**

Plaintiff argues that the ALJ erred in analyzing the opinions of the state agency

psychologists.  Specifically, plaintiff notes that the psychologists opined that plaintiff was

limited to "superficial" interactions with co-workers, but the ALJ adopted an RFC omitting this

limitation, instead finding that plaintiff is limited to "occasional" interactions with co-workers.

Plaintiff argues that "superficial" interactions differ from "occasional" interactions in that the

former involve the quality of the interactions while the latter involve the quantity.   Plaintiff

claims that the ALJ failed to build a logical bridge between his determination that the opinions of

3

the state agency psychologists are "somewhat persuasive" and his rejection of their opinions that plaintiff is limited to superficial interactions with co-workers.

Upon review, the Court finds that the objection is not well-taken.  Plaintiff acknowledges that the ALJ is not bound to accept the opinions of the state agency psychologists verbatim.  This is not an instance in which the ALJ afforded the opinions "great weight" or purported to adopt the opinions and then inexplicably omitted them when computing the RFC.  Here, the ALJ found the opinions only "somewhat persuasive."  He noted as much a number of times in the decision.  It is also apparent from the RFC that he did not intend to adopt all of the findings of the state agency psychologists.  Not only did the ALJ determine that plaintiff is limited to occasional contact with co-workers, the ALJ also rejected the opinions of state agency psychologists that plaintiff is able to interact with customers "one or two at a time."  Instead, the ALJ determined that plaintiff may never interact with the public, a limitation more restrictive than that suggested by the state agency psychologists.  Accordingly, it is apparent from the decision that the ALJ separately considered each aspect of the opinions directed at plaintiff's ability to interact with others in arriving at the RFC.

Although the ALJ could have been more thorough, the Court rejects plaintiff's argument that an articulation error occurred and that the ALJ did not build a logical bridge.  The ALJ expressly indicated that he found the opinions of the state agency psychologists only somewhat persuasive, and specifically pointed to medical evidence in the record supporting this determination.  The ALJ noted that although plaintiff had some difficulty getting along with family and peers, he "does have friends and good relationships with some family."  (PageID at 75).  The ALJ further noted that the treatment records generally document good eye contact and

4

a cooperative demeanor. *Id*.  The ALJ also pointed out that the medical evidence shows that plaintiff stutters at times, but his speech is clear at other times.  *Id*.  Although not using the specific word "superficial," the Court finds that the ALJ's discussion (including treatment records that disclose that plaintiff is able to maintain friends and familial relationships) adequately explains and supports the decision to reject the "superficial" limitation and, instead, impose a limitation of "occasional" contact with co-workers.

According to plaintiff, the ALJ dismissed the term "superficial" as "not vocationally relevant."  The Court rejects this argument.  There is simply no indication that the ALJ understood the term "superficial" to be vocationally irrelevant.  In determining the RFC, the ALJ noted that he provided the RFC in "more vocationally relevant terminology."  But, the example the ALJ provided relates to other limitations found by the state agency psychologists.  *See*, PageID 78 ("For example, as a result of the moderate limitations in the claimant's ability to understand, remember, or apply information, the claimant is limited to performing simple, routine, and repetitive tasks.").  There is simply no indication in the decision that the ALJ believed that "superficial" is not a vocationally relevant term.  Rather, based on a reading of the decision as a whole, the Court finds that the ALJ explained his reasoning sufficiently for this Court to review the decision.  Plaintiff does not argue that the RFC is not supported by substantial evidence and does not point to any evidence to the contrary.

The parties argue that the terms "superficial" and "occasional" have different meanings.  Assuming these words are vocationally relevant and have different meanings, the Court's decision would remain the same.  The ALJ built a logical bridge between his analysis of the opinions/evidence and his conclusion that plaintiff is limited to occasional contact with co-

5

workers.  Therefore, the Court need not reach this issue and does not adopt that portion of the R&R addressing this argument.  Specifically, the Court does not adopt the discussion of the *Reeves* case set forth in the R&R.[1]

### CONCLUSION

For the foregoing reasons, the R&R is ACCEPTED to the extent set forth herein.  The decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.


/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge
Chief Judge

Dated:  9/8/22

---

[1] In *Reeves v. Comm'r of Soc. Sec.*, 618 Fed. Appx. 267 (6th Cir. 2015), the court upheld a decision by an ALJ who afforded great weight to the opinions of the state agency psychologists.  The psychologists opined that plaintiff was limited to "superficial" contact, but the RFC limited plaintiff to "occasional" contact with the public.  The court determined that the ALJ did not err.  The vast majority of district courts, and at least one decision from the Appeals Council, have concluded that the terms "superficial" and "occasional" have different meanings. And, some courts within this Circuit have distinguished *Reeves*, finding that the issue was not squarely before the Court.  *See, Cooper v. Comm'r of Soc. Sec.*, 2018 WL 6287996 (S.D. Ohio Dec. 3, 2018); *Holmes v. Saul*, 2020 WL 6747750 (N.D. Ohio Oct. 26, 2020).